```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
ANDREW HARDY-GRAHAM,

                    Plaintiff,
                                            MEMORANDUM & ORDER
          -against-                         20-CV-0981(JS)(SIL)

KEITH LAWSTON, BARBARA WILSON,
JOHN DOE, JANE DOE, SOUTHAMPTON
JUSTICE COURT, SOUTHAMPTON TOWN
POLICE DEPT.,
                    Defendants.
-----------------------------------X
APPEARANCES
For Plaintiff:      Andrew Hardy-Graham, pro se
                    836 Davis Avenue
                    Uniondale, New York 11553

For Defendants:     No appearances.
```

SEYBERT, District Judge:

By Order dated April 10, 2020, the Court denied the application of pro se plaintiff Andrew Hardy-Graham ("Plaintiff") to proceed in forma pauperis without prejudice and with leave to renew upon completion of the AO 239 ("Long Form") within fourteen (14) days from the date of the Order.  (See Order, D.E. 5.)  On April 27, 2020, Plaintiff filed the Long Form in forma pauperis application together with an Amended Complaint.  (See IFP Mot., D.E. 6; Am. Compl., D.E. 7.)  Albeit untimely, the Court accepts it for filing.

Upon review of the Long Form in forma pauperis application, the Court finds that Plaintiff is qualified, by his financial status, to proceed without prepayment of the filing fee.

Accordingly, Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED, but the Amended Complaint is DISMISSED WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE.  PLAINTIFF IS GRANTED LEAVE TO FILE A SECOND AMENDED COMPLAINT THAT COMPLIES WITH THIS ORDER AND RULE 8 WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS MEMORANDUM AND ORDER.  Plaintiff is warned that if a Second Amended Complaint is not timely filed and/or fails to contain a short and plain statement of the claim, the Court may dismiss this action with prejudice.

<u>THE AMENDED COMPLAINT[1]</u>

The Amended Complaint is submitted on the Court's general civil complaint form and is brief.  Plaintiff names as defendants Keith Lawston, Barbara Wilson, John Doe, Jane Doe, the Southampton Justice Court, and the Southampton Town Police Department (collectively, "Defendants") and alleges that his claims are brought pursuant to 42 U.S.C. § 1983 to redress deprivations of his sixth, eighth, and fourteenth amendment rights.  Plaintiff also alleges that his claims arise under 28

---

[1] Excerpts from the Complaint are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

U.S.C. § 455, 18 U.S.C. §§ 1510, 1512, 1519, and C.P.L.R. § 213 as well as "Prison Reform Laws 466 US 668."  (Am. Compl. ¶ II.A.) In its entirety, Plaintiff's Statement of Claim alleges:

> I was given permission to (A) use a restroom & (B) defend myself in a court of law.  I was later prevented from fulfilling my goals.  I was convicted of a crime, subject to cruel and unusual punishment and the consequences linger and have not alternative relief.

(Am. Compl. ¶ III.)  For relief, Plaintiff seeks to recover three million dollars for "loss of wages, loss of access, make things right in damages" as well as a written and verbal apology, and that the Defendants be stripped of their "badge or gavel" as well as unspecified "training and prisoner restroom reform."
(Am. Compl. ¶¶ II.3, IV.)

## DISCUSSION

I.   In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II.  Standard of Review

Section 1915 of Title 28 requires a district court to

3

dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  The Court is required to dismiss the action as soon as it makes such a determination.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).  However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011).  While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'"
Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III.   Rule 8 of the Federal Rules of Civil Procedure

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil
Procedure, a pleading must contain "a short and plain statement of
the claim showing that the pleader is entitled to relief."   FED.
R. CIV. P. 8(a)(2); Swierkiewicz v. Sorema, N.A., 534 U.S. 506,
512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).   This short and plain
statement must be "sufficient to give the defendants fair notice
of what the plaintiff's claim is and the grounds upon which it
rests."   Jones v. Nat'l Commc'ns and Surveillance Networks, 266
F. App'x 31, 32 (2d Cir. 2008) (internal quotation marks and
citations omitted) (unpublished opinion).   "The statement should
be plain because the principal function of pleadings under the
Federal Rules is to give the adverse party fair notice of the claim
asserted so as to enable him to answer and prepare for trial."
Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

Rule 8 of the Federal Rules of Civil Procedure also
requires that "[e]ach allegation must be simple, concise, and
direct."   FED. R. CIV. P. 8(d)(1).   Indeed, pleadings must give
"'fair notice of what the plaintiff's claim is and the grounds
upon which it rests'" in order to enable the opposing party to

answer and prepare for trial, and to identify the nature of the case.  Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 1643, 161 L. Ed. 2d 577 (2005) (quoting Conley v. Gibson, 335 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), overruled in part on other grounds by Twombly, 550 U.S. at 544)).

Under the now well-established Iqbal/Twombly standard, a complaint satisfies Rule 8 only if it contains enough allegations of fact to state a claim for relief that is "plausible on its face."  Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 678.  This "plausibility standard" is governed by "[t]wo working principles." Iqbal, 556 U.S. at 670, 678; accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009).  First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557 (a pleading that offers "labels and conclusion" or "naked assertion[s]" devoid of "further factual enhancement" does not satisfy Rule 8).  Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss.  Iqbal, 556 U.S. at 679.  Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on

6

its judicial experience and common sense."   Id.; accord Harris, 572 F.3d at 72.

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss the complaint."   Salahuddin, 861 F.2d at 42; see also Shomo v. State of N.Y., 374 F. App'x 180, 182 (2d Cir. 2010) (unpublished opinion) ("a court has the power to dismiss a complaint that is 'prolix' or has a 'surfeit of detail'").

VI.   Application

Here, as is readily apparent, Plaintiff's Complaint does not comport with the pleading requirements of Rule 8.  Plaintiff's sparse Amended Complaint is bereft of any facts in support of his claims.  Because the Complaint does not include "a short and plain statement of the claim showing that the pleader is entitled to relief", it is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 8.

However, in light of Plaintiff's pro se status, Plaintiff is GRANTED LEAVE TO FILE A SECOND AMENDED COMPLAINT IN ACCORDANCE WITH RULE 8 AND THIS MEMORANDUM AND ORDER WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS MEMORANDUM AND ORDER.  The Amended

Complaint shall be clearly labeled "Second Amended Complaint" and shall bear docket number 20-CV-0981(JS)(SIL).  Plaintiff is warned that no extensions of this deadline will be granted absent extraordinary circumstances and that if the Second Amended Complaint is not timely filed and/or fails to contain a short and plain statement of the claim or if the allegations are not simple, concise, and direct, the Court may dismiss this action with prejudice.  Plaintiff may continue to name individuals as "John Doe" or "Jane Doe" if he does not now know their identities. However, Plaintiff must include some factual allegations relating to the acts or omissions of such individuals giving rise to his claims as well as some descriptive information, including when and where such acts or omissions occurred so that their identities may be ascertained.  If Plaintiff does not file a Second Amended Complaint within the time allowed, judgment shall enter without further notice.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis (D.E. 6) is GRANTED, however the Amended Complaint is sua sponte DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 8.  However, Plaintiff is GRANTED LEAVE TO FILE A SECOND

8

AMENDED COMPLAINT in accordance with Rule 8 and this Memorandum and Order.  The Amended Complaint shall be clearly labeled "Second Amended Complaint", shall bear docket number 20-CV-0981(JS)(SIL), and shall be filed within thirty (30) days of the date of this Memorandum and Order.

Plaintiff is warned that no extensions of this deadline will be granted absent extraordinary circumstances and that if the Second Amended Complaint is not timely filed and/or fails to contain a short and plain statement of the claim, the Court may dismiss this action with prejudice.  Any Amended Complaint will be screened pursuant to 28 U.S.C. § 1915.  If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter without further notice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

Dated: May   15  , 2020            /s/ JOANNA SEYBERT
       Central Islip, New York     Joanna Seybert, U.S.D.J.

9